[Crim. No. 27528. Second Dist., Div. Two. Apr. 1, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES EDWARD FIELDS, Defendant and Appellant.

## Counsel

Jeffrey Adrian Villagran, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and Howard J. Schwab, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**FLEMING, Acting P. J.**—Defendant appeals the judgment in a nonjury trial that resulted in his conviction for attempted kidnaping. (Pen. Code, §§ 207, 664.) He contends, (1) the evidence was insufficient to establish intent to kidnap and the commission of any act beyond mere prepara-

tion, and (2) the attempted asportation was purely incidental to the commission of an associated crime.

■ The evidence, viewed in the light most favorable to the judgment, shows that about 5 p.m. on 4 September 1974 during daylight hours defendant stopped his automobile beside a 13-year-old girl walking alone on a residential street in Bellflower and asked for directions. As she was responding, he grabbed her with both hands by her hair and head and told her to get into his vehicle, saying that if she complied she would not get hurt. When she refused, he threatened to hit her between the eyes. When she said she knew everybody up and down the street and was going to scream, he let her go and drove off. The motor of his vehicle was probably running throughout the incident. Defendant was later traced through his vehicle's license number, which the girl memorized as he was driving away.

At trial defendant testified that he had just quarreled with his girlfriend at home and that when he spoke to the girl on the street he was planning to go to Knott's Berry Farm, but he admitted he had no money at the time and insufficient gasoline to get there.

1. We think this evidence, together with the reasonable inferences derived therefrom, sustains defendant's conviction of the crime charged. Where, as here, a strange man seizes the person of a young girl on a residential street and orders her to get into a vehicle whose motor is running, the specific intent and the affirmative act required to constitute the crime of attempted kidnaping are adequately manifested. Defendant's contention that as a matter of law his action amounted to no more than battery lacks merit, for his statements to the girl, interpreted in the light of their setting, strongly suggest an intent to kidnap. The cause is comparable to *People* v. *Loignon,* 160 Cal.App.2d 412, 416, 421 [325 P.2d 541], where the defendant asked the victim to enter his vehicle, and when his invitation was rejected, pulled the victim inside and started up the motor, whereupon the victim escaped. In upholding a conviction for attempted kidnaping this court said, "Defendant's act in opening the door of his car and pulling Ricky into it against his will and then, after quieting him, starting the motor, clearly shows an attempt to kidnap the child and amply sustains his conviction on that count." ■ Since the decision in *Loignon,* it has been judicially determined that kidnaping

requires a forcible movement of the victim for more than a slight or trivial distance. (*People* v. *Stanworth*, 11 Cal.3d 588, 601 [114 Cal.Rptr. 250, 522 P.2d 1058], and cases there cited.) Nevertheless, under the circumstances at bench the trier of fact could reasonably find that defendant not only intended to force the girl into his vehicle but intended to carry her away some appreciable distance. In a completed kidnaping where asportation has been accomplished, the requisite movement for more than a slight distance can be measured with some precision. But in an unsuccessful kidnaping which has been aborted, to require the prosecution to show more than a forcible attempt to move the victim into a motor vehicle in order to prove intent to move the victim a substantial distance, would be to read the crime of attempted kidnaping out of the law. In the absence of any evidence to suggest that defendant contemplated no more than a trivial movement of his victim, the requisite intent to kidnap may be inferred.

Defendant contends that certain language in *In re Smith*, 3 Cal.3d 192 [90 Cal.Rptr. 1, 474 P.2d 969], compels reversal of the judgment. The issue in *Smith* involved the competency of counsel's representation on appeal, and the court in holding that counsel's representation on appeal had been incompetent, suggested that petitioner's counsel might have plausibly argued, among other arguments, that an attempt to forcibly remove a woman from the sidewalk to the inside of an automobile does not amount to attempted kidnaping ". . . unless moving her from the sidewalk to the inside of the car was sufficient to constitute kidnaping." (P. 200.) Having suggested this and other arguments the court went on to note: "We have catalogued the arguments which petitioner's counsel failed to offer on behalf of his client, not because we conclude that petitioner was likely to obtain a reversal on appeal, but only to demonstrate that his appellate counsel did not render the thoughtful assistance to which he was entitled." (P. 202.) At bench, we have considered the validity of the argument described as plausible in *Smith*, and having considered the argument, we reject it.

2. ■ Defendant's other contention refers to the necessity for a kidnaping which is incidental to the commission of an associated crime to increase the risk of harm to the victim. (Pen. Code, § 209; *In re Earley*, 14 Cal.3d 122, 129 [120 Cal.Rptr. 881, 534 P.2d 721].) This contention has no application to a charge under Penal Code section 207, where evidence

of an associated crime does not constitute part of the offense and is not required. (*People* v. *Apo,* 25 Cal.App.3d 790, 797 [102 Cal.Rptr. 242].)

The judgment is affirmed.

Compton, J., and Beach, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 26, 1976. Wright, C. J., was of the opinion that the petition should be granted.